Michael Tsivyan, Esq. [SBN 322003]
LAW OFFICES OF MICHAEL TSIVYAN
500 East Hamilton Ave. #1019
Campbell, CA 95008
Telephone:	(408) 887-6739
Email:	Michael@TsivyanEsq.com

Attorney for Plaintiff HASSAN SALEHI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN SALEHI, an individual;<br><br>Plaintiff<br><br>v.<br><br>MGM GRAND HOTEL, LLC, a Nevada Limited Liability Company;<br><br>Defendant | Case. No.: 5:23-cv-01848<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:<br><br>1. Violation of the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*)<br><br>2. Violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*)<br><br>3. Violation of the Disabled Persons Act (Cal. Civ. Code § 54 *et seq.*)<br><br>4. Negligent misrepresentation<br><br>5. Intentional misrepresentation<br><br>DEMAND FOR JURY TRIAL |

## **PARTIES**

1.	Plaintiff HASSAN SALEHI ("Plaintiff") is an individual. Plaintiff resides in Santa Clara County of the State of California.

2.	Defendant MGM GRAND HOTEL, LLC ("MGM") is a Nevada Limited Liability Company that operates MGM Grand Hotel & Casino in Clark County of the State of Nevada, namely at 3799 S. Las Vegas Blvd., Las Vegas, NV 89109.

## JURISDICTION, VENUE AND DIVISION

3. With respect to the first cause of action for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188(a).

4. With respect to the remaining causes of action, this Court has subject matter jurisdiction under 28 U.S.C. § 1367(a) as these claims are related to the claim for violation of the ADA. The Court also has subject matter jurisdiction under 28 U.S.C § 1332(a) because the parties are citizens of different States and the amount in controversy exceeds $75,000.

5. MGM is subject to specific personal jurisdiction of this Court. MGM sends promotional materials to Plaintiff on a regular basis. A sample of these materials is illustrated in **Exhibit A** filed herewith, which is incorporated herein by reference. On information and belief, MGM sends the same and numerous other similar promotional materials to other California residents on a regular basis. MGM thereby obtained a significant percentage of their patrons from California. MGM also maintains an interactive website www.mgmresorts.com where it invites prospective customers to make reservations. These contacts with California are substantially related to the claims alleged in this action. The exercise of jurisdiction over MGM will not offend "traditional notions of fair play and substantial justice" within the meaning of *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). *See Snowney v. Harrah's Entertainment, Inc.*, 35 Cal. 4th 1054, 1061-67 (2005).

6. The venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2).

7. The action should be adjudicated in the San Jose division of the Northern District of California as Plaintiff resides in Santa Clara County.

## STATEMENT OF FACTS

8. Plaintiff was diagnosed with osteoarthritis of both knees. In June 2021, he had a surgical operation replacing his right knee.

9. Plaintiff walks with a cane. He has difficulty walking long distances.

10. Plaintiff loves to gamble and frequently visits casinos in Nevada. As a result, he regularly receives promotion materials and advertisements from various hotels in Nevada, including from MGM Grand Hotel & Casino ("Hotel").

11. In March 2022, Plaintiff decided to visit the Hotel. He called to make a reservation. Plaintiff spoke with a representative whom he asked to reserve a room for three nights. Plaintiff informed the representative about his disability and asked to reserve a room next to an elevator. Plaintiff explained that he needed such a room due to the difficulty walking long distances. The representative promised to make a note in the reservation system regarding Plaintiff's request for accommodation and assured Plaintiff that he would get a room next to an elevator.

12. Several days later, Plaintiff flew from San Jose, California to Las Vegas, Nevada. When he arrived at the Hotel, he was greeted by a person who provided a wheelchair and rolled Plaintiff to the front desk where he met a receptionist. Plaintiff reminded the receptionist that he had requested a room next to an elevator. Despite being reminded and despite observing that Plaintiff was sitting in the wheelchair, the receptionist nevertheless gave Plaintiff a room located two long hallways from the closest elevator. Thereafter, an assistant rolled Plaintiff to that room.

13. When Plaintiff and the assistant came to the room, Plaintiff immediately told the assistant that the room was too far from the elevator and was not suitable for his disability. The assistant stated that Plaintiff would need to call the front desk, and then left with the wheelchair. Plaintiff immediately called the front desk and explained that he was disabled, that he had asked to reserve a room next to an elevator and that the room that he had been given was too far from the elevator. Plaintiff spoke to three different persons who refused to give a different room to Plaintiff. The fourth person finally agreed to move Plaintiff to a different room. He expressly apologized that the Hotel made an error in not reserving the room next to an elevator and offered Plaintiff a free meal at the Hotel's buffet.

14. Plaintiff requested a wheelchair so that he could get to the new room. He was told that the Hotel does not provide wheelchairs to disabled persons and that they are reserved exclusively for those who are injured at the Hotel. Plaintiff was told that the Hotel provides handicapped persons with electric scooters for a payment, but they all were in use. As a result, Plaintiff had to walk to the new room.

15. The new room was located far away. Plaintiff had to make several stops to take a rest. It took Plaintiff more than one hour to get to that room.

16. Later that day, Plaintiff contacted the front desk and asked a receptionist to provide a wheelchair or a scooter so that he could go to the buffet. Plaintiff was again told that the Hotel does not

3
CASE 5:23-CV-01848: COMPLAINT

provide wheelchairs to disabled persons and that no scooters were available. However, the receptionist agreed to send a security guard to assist Plaintiff in walking to the buffet.

17. Plaintiff did not know where the buffet was located. He asked where the buffet was located and was told that it was close. However, it was not. It took Plaintiff at least 30 minutes to get to the buffet. He had to make several stops to take a rest.

18. After having the free meal, Plaintiff told a person working at the buffet that he could not get to his room and that he needed a wheelchair or a scooter. Plaintiff was advised to call the front desk where he again was told that the Hotel does not provide wheelchairs to disabled persons and that no scooters were available. Plaintiff spent at least 30 minutes walking back to his room.

19. As a result of walking the long distances described above, Plaintiff severely damaged his knees and was suffering from tremendous pain during the entire time when he was staying at the Hotel.

20. After Plaintiff returned back to San Jose, California, he was still suffering from a great amount of pain. His condition became significantly worse. In January 2023, Plaintiff had to go through another surgical operation replacing his left knee.

21. The ADA requires places of public accommodation—such as the Hotel—to make "reasonable modifications" in policies, practices, or procedures, when the modifications are necessary to afford accommodations to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii). The ADA requires that MGM use such reservation systems that could "[r]eserve, upon request, accessible guest rooms or *specific types of guest rooms* and ensure that the guest rooms requested are blocked and removed from all reservations systems." 42 U.S.C. § 12186(b), 12 C.F.R. § 36.302(e)(iv) (emphasis added).

22. On March 3, 2023 Plaintiff's counsel sent a letter to MGM stating that (i) this was the first time when Plaintiff stayed at the Hotel; (ii) despite the pain, Plaintiff was highly impressed with the Hotel's stunning beauty, its food, entertainment and gambling; and (iii) Plaintiff would like to return to the Hotel, but the knowledge of its blatant disregard of the regulations cited above precludes Plaintiff from returning to the Hotel. Counsel notified MGM about the reservation system requirements set forth in 12 C.F.R. § 36.302(e)(iv) and asked whether MGM had modified its reservation systems to be compliant with those requirements. A copy of this letter is filed herewith as **Exhibit B**.

23. On April 7, 2023 MGM sent a "confidential" letter to Plaintiff's counsel denying any violation of the ADA and threatening to seek sanctions in the event Plaintiff would file a civil action. In the letter, MGM openly admitted that its reservation systems have no record that Plaintiff requested a room next to an elevator. In the letter, MGM did not answer the question of whether it had made any changes in its reservation systems to be compliant with 12 C.F.R. § 36.302(e)(iv).

**FIRST CAUSE OF ACTION: Violation of the Americans with Disabilities Act of 1990**

**(42 U.S.C. § 12101 *et seq.*)**

24. Plaintiff hereby realleges all allegations made in the previous paragraphs.

25. Plaintiff is a disabled person as he has a physical impairment that "substantially limits one or more major life activities" within the meaning 42 U.S.C. § 12102(1)(A).

26. The Hotel is a "place of public accommodation" as defined in 42 U.S.C. § 12182(a).

27. MGM "owns" and "operates" the Hotel within the meaning of 42 U.S.C. § 12182(a).

28. MGM uses reservation systems to reserve rooms at the Hotel. On information and belief, these systems are not compliant with 12 C.F.R. § 36.302(e)(iv) to the extent that they (i) do not allow to reserve, upon request of a handicapped person such as Plaintiff, "specific types of guest rooms," namely rooms next to elevators; and/or (ii) do not ensure that, once requested, these rooms are "blocked and removed from all reservations systems." The handicapped persons are thereby deprived of the "full and equal" enjoyment of the services, facilities and/or accommodations of the Hotel in violation of 42 U.S.C. § 12182(a).

29. MGM maintains an interactive website www.mgmresorts.com where it invites prospective customers to make reservations. This website does not allow handicapped persons to reserve accessible rooms or rooms next to elevators. The handicapped persons are thereby deprived of the "full and equal" enjoyment of the services, facilities and/or accommodations of the Hotel in violation of 42 U.S.C. § 12182(a).

30. Plaintiff would like to visit the Hotel again, but the knowledge of MGM's disregard of the requirements set forth in 12 C.F.R. § 36.302(e)(iv) deters Plaintiff from visiting the Hotel. MGM's admission that its reservation systems have no record of Plaintiff's previous request to reserve a room next to an elevator, MGM's adamant refusal to acknowledge the violation of the ADA, and MGM's

implied concession that no changes in the reservation systems have been made—these are the circumstances from which it is reasonable to infer the ADA violations will likely occur if Plaintiff were to visit the Hotel again.

31. Pursuant to 42 U.S.C. § 12188(a)(2), Plaintiff is entitled to an injunction directing MGM to modify its reservation systems to be compliant with 12 C.F.R. § 36.302(e)(iv), namely:

(a) MGM shall take all actions necessary to allow disabled persons to reserve via telephone and through MGM's website accessible rooms and rooms located next to elevators.

(b) MGM shall take all actions necessary to ensure that once a disabled person makes a reservation of an accessible room or a room located next to an elevator, this room will not be available to any other customer unless the reservation is cancelled.

(c) MGM shall conduct training of all its employees and agents who make reservations and ensure that these employees and agents can reserve rooms in compliance with (a) and (b).

32. The relief sought in ¶ 31 will not fundamentally alter the nature of the services, facilities, privileges, advantages, or accommodations that MGM offers. The relief sought in ¶ 31 will not impose on MGM an undue burden. Unless this relief is granted, there is a high likelihood that Plaintiff's safety would be endangered if he were to visit the Hotel again.

33. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to costs and attorney's fees incurred in connection with this action.

**SECOND CAUSE OF ACTION: Violation of the Unruh Civil Rights Act**

**(Cal. Civ. Code § 51 *et seq.*)**

34. Plaintiff hereby realleges all allegations made in the previous paragraphs.

35. The Hotel is a "business establishment" within the meaning of California Civil Code § 51(b).

36. When Plaintiff visited the Hotel in March 2022, he was denied full and equal access to the facilities and accommodations of the Hotel. Pursuant to California Civil Code §§ 51(f) and 52(a),

MGM is liable for (i) the actual damages reflecting pain and humiliation that Plaintiff suffered in the amount of at least $20,000; and (ii) punitive damages in the amount of at least $60,000.

37. Pursuant to California Civil Code § 52(a), Plaintiff is entitled to attorney's fees incurred in connection with this action.

### THIRD CAUSE OF ACTION: Violation of the Disabled Persons Act
### (Cal. Civ. Code § 54 *et seq.*)

38. Plaintiff hereby realleges all allegations made in the previous paragraphs.

39. The Hotel is a " place[] to which the general public is invited" within the meaning of California Civil Code § 54.1(a)(1).

40. When Plaintiff visited the Hotel in March 2022, he was denied full and equal access to the facilities and accommodations of the Hotel. Pursuant to California Civil Code §§ 54.1(d) and 54.3(a), MGM is liable for for (i) the actual damages reflecting pain and humiliation that Plaintiff suffered in an amount of at least $20,000; and (ii) punitive damages in the amount of at least $60,000.

41. Pursuant to California Civil Code § 54.3(a), Plaintiff is entitled to attorney's fees incurred in connection with this action.

### FOURTH CAUSE OF ACTION: Negligent misrepresentation

42. Plaintiff hereby realleges all allegations made in the previous paragraphs.

43. When Plaintiff called MGM in March 2022 to reserve a room, MGM represented to Plaintiff that MGM purportedly reserved a room located next to an elevator.

44. At the time when MGM made this representation, it intended that Plaintiff rely on it.

45. At the time when MGM made the representations, it had no reasonable grounds for believing that this representation was true.

46. The representation was false.

47. Plaintiff reasonably relied on the representation.

48. Plaintiff's reliance on the representation was a substantial factor that caused Plaintiff to suffer pain and humiliation. His condition became substantially worse and required a second surgery.

49. MGM is liable for the pain and humiliation that Plaintiff suffered in an amount of at least $20,000.

**FIFTH CAUSE OF ACTION: Intentional misrepresentation**

50. Plaintiff hereby realleges all allegations made in the previous paragraphs.

51. When Plaintiff called MGM in March 2022 to reserve a room, MGM represented to Plaintiff that it purportedly reserved a room located next to an elevator.

52. At the time when MGM made this representation, it intended that Plaintiff rely on it.

53. At the time when MGM made the representation, MGM acted recklessly and without regard for its truth.

54. The representation was false.

55. Plaintiff reasonably relied on the representation.

56. Plaintiff's reliance on the representation was a substantial factor that caused plaintiff to suffer pain and humiliation. His condition became substantially worse and required a second surgery.

57. MGM engaged in conduct that involves conscious disregard of Plaintiff's safety by (i) making the false representation; (ii) not providing him with a room next to an elevator despite observing that he was sitting in the wheelchair when he was checking in; and (iii) not providing Plaintiff with a wheelchair so that he could get to the new room. Such conduct involves "oppression," "fraud" and/or "malice" as defined in California Civil Code § 3294(c).

58. MGM is liable for the pain and humiliation that Plaintiff suffered in an amount of at least $20,000.

59. MGM is liable for punitive damages in the amount of at least $60,000.

WHEREFORE, Plaintiff prays for

(i) the injunctive relief referenced in ¶ 31;

(ii) the actual damages referenced in ¶¶ 36, 40, 49 and 58;

(iii) the penalties and punitive damages referenced in ¶¶ 36, 40 and 59;

(iv) the costs and attorney's fees referenced in ¶¶ 32, 37 and 41; and

(v) such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: April 17, 2023

By:    /s/ Michael Tsivyan
      Michael Tsivyan, Attorney for
      Plaintiff HASSAN SALEHI

9
CASE 5:23-CV-01848: COMPLAINT